UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONITRONICS INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-960 |
| | § | |
| FIRST MERCURY INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT**

Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201, Plaintiff Monitronics International, Inc. ("Monitronics") files this original complaint seeking a declaratory judgment against Defendant First Mercury Insurance Co. ("First Mercury"), as follows:

**I. PRELIMINARY STATEMENT**

1.1   In this declaratory judgment action, Monitronics (the insured) seeks a declaration regarding the parties' rights and obligations under several insurance policies issued by First Mercury. Monitronics' insurance claim arises from numerous lawsuits (the "TCPA Actions"),[1]

---

[1] *Diana Mey, et al. v. Monitronics International, Inc., et al.*, No. 5:11-cv-00090, United States District Court, Northern District of West Virginia (Wheeling); *Janet Hodgin and Michael Hodgin, et al. v. Monitronics International, Inc., et al.*, No. 2:13-cv-00321, United States District Court, Western District of Washington (Seattle); *Kerry O'Shea, et al. v. Monitronics International, Inc., et al.*, No. 8:13-cv-01054, United States District Court, Central District of California (Southern Division - Santa Ana); *Diana Mey, et al. v. Honeywell International, Inc., et al.,* No. 2:2012-cv-01721, United States District Court, Southern District of West Virginia (Charleston); *Scott Dolemba, et al. v. Monitronics International, Inc., et al.,* No. 1:14-cv-01955, United States District Court, Northern District of Illinois (Chicago); *Sandra Fairley v. Monitronics International, Inc.*, No. 1:14-cv-00525, United States District Court, Northern District of Ohio (Cleveland); *Jason Bennett, et al. v. Monitronics International, Inc., et al.,* No. 1:14-cv-00054, United States District Court, Southern District of Alabama (Mobile); *Keith Finklea, et al. v. Monitronics International, Inc., et al.*, No. 3:2014-cv-00153, United States District Court, Southern District of Texas (Galveston); *Todd C. Bank, et al. v. Alliance Security, Inc., Monitronics International, Inc., et al.*, No. 1:14-cv-04410, United States District Court, Eastern District of New York (Brooklyn); *Phillip Charvat v. Monitronics Int'l., (cont.)*

all subsequently consolidated into multi-district litigation styled *In Re Monitronics International, Inc.*, Telephone Consumer Protection Act Litigation, Civil Docket No. 1:13-MD-02493—IMK-MJA, pending in the U.S. District Court, Northern District of West Virginia (the "MDL").[2]

1.2    First Mercury acknowledged its duty to defend subject to a reservation of rights and is currently paying a portion of Monitronics' defense costs for the TCPA Actions. Although Monitronics has consistently responded to First Mercury's reasonable requests for information about the TCPA Actions, First Mercury has complained that Monitronics has failed, in violation of the policies, to provide *all* the information requested.

1.3    Faced with First Mercury's threats of non-compliance with the policies' requirements and claims of prejudice, Monitronics seeks a judicial declaration regarding the parties' rights and obligations. Specifically, Monitronics asks the Court to declare that the policies do not require it to provide First Mercury with: (a) information that has already been provided to First Mercury; (b) information regarding other lawsuits for which First Mercury has denied coverage; (c) information regarding other litigation that does not even involve Monitronics; (d) information that is publicly available; (e) information that does not presently exist; and (f) information protected from disclosure by the attorney-client and work product privileges.

1.4    First Mercury has also refused to pay expenses associated with work performed by Monitronics' defense counsel to comply with the insurer's requests for information. In this

---

*(cont.)*
*Inc., et al.*, No. 2:14-cv-01366, United States District Court, Southern District of Ohio (Columbus); *Nicholas Shreders, Jonathan Mraunac, and Vincent Brizgys, et al. v. UTC Fire & Securities America Corporation, Inc., et al.*, No. 1:14-cv-01539, United States District Court, Northern District of Illinois (Chicago); and *Craig Cunningham v. Alliance Security, et al.*, No. 3:14-cv-00769, United States District Court, Middle District of Tennessee (Nashville).
[2] A separate lawsuit, styled *Hurst, et al. v. Monitronics International, Inc.*, No. 1:2015-cv-01844, United States District Court, Northern District of Georgia (Atlanta), is also covered by the First Mercury policies, but has not been consolidated into the MDL.

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR DECLARATORY JUDGMENT**                                                                                                  Page 2

regard, Monitronics seeks a declaration that First Mercury is required to compensate Monitronics' defense counsel for work performed at the insurer's direction.

## II. PARTIES

2.1    Plaintiff Monitronics International, Inc. is a Texas corporation with its principal place of business in Dallas, Texas.

2.2    Defendant First Mercury Insurance Company is a surplus lines carrier eligible to engage in business in Texas and an Illinois corporation with its principal place of business in Michigan. Pursuant to Texas Insurance Code § 804.106, service may be made on the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, who shall forward a copy of Plaintiff's Original Complaint for Declaratory Judgment to Marcia M. Paulsen, Vice President, 29621 Northwestern Hwy., Southfield, Michigan 48034.

## III. JURISDICTION

3.1    Monitronics and First Mercury are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court therefore has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a).

## IV. VENUE

4.1    Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Monitronics' claim occurred in this district.

## V. CONDITIONS PRECEDENT

5.1    All conditions precedent set forth in the applicable insurance contracts have been performed or have occurred, as required by FED. R. CIV. P. 9(c).

## VI. FACTS

6.1    First Mercury issued eight (8) policies applicable to the TCPA Actions. Specifically, six (6) primary commercial general liability policies – Policy Nos. FMMI011473, FMMI014425, FMMI014425-2, FMMI014425-3, FMMI023427, FMMI026359 – were issued to Monitronics by First Mercury covering consecutive policy periods from August 31, 2006 to August 31, 2012. First Mercury also issued two (2) umbrella policies, Policy Nos. CUMI000723, and CUMI001047 for the August 31, 2009 to August 31, 2010 and August 31, 2010 to August 31, 2011 policy periods. True and correct copies of these policies (the "Policies") are attached as Exhibit A.

6.2    The plaintiffs in the TCPA Actions allege violations of the Telephone Consumer Protection Act by multiple defendants, including Monitronics. Monitronics timely submitted each of the TCPA Actions for coverage under the Policies. First Mercury has accepted the defense for most, but not all, of the TCPA Actions.[3]

6.3    In response to First Mercury's requests, Monitronics has provided considerable information relating to the TCPA Actions. Monitronics has provided pleadings, status reports, key documents, and correspondence relating to the TCPA Actions promptly and routinely when requested by First Mercury. In many instances, Monitronics has provided the same information multiple times in response to repeated, duplicative requests. Monitronics' counsel has also offered to provide information in different formats, provide additional information, or schedule a telephone call to address particular items of interest.

6.4    Unsatisfied with Monitronics' efforts, First Mercury contends that Monitronics owes "full cooperation" under the Policies, insisting that Monitronics provide the insurer with

---

[3] Monitronics is presently evaluating First Mercury's coverage denials.

confidential and privileged communications with independently-engaged lawyers and consultants, along with unreasonably detailed information regarding the defense of the TCPA Actions and information regarding unrelated matters. First Mercury bases its demands on the following provision in the Policies:

> **SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> 2. Duties In The Event of Occurrence, Offense, Claim Or Suit
>
> * * *
>
> c. You and any other involved insured must:
>
> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connections with the claim or "suit";
>
> (2) Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

6.5   These provisions in the Policies do not mandate compliance with unreasonable or excessive requests for information. The cooperation contemplated by the Policies also does not require Monitronics to jeopardize the confidentiality of privileged attorney-client communications and attorney work product.

6.6   Certain of First Mercury's requests are premature. For example, the insurer's strident demands for materials relating to experts and damages analyses ignore Monitronics' repeated explanations that its damages expert's analysis is underway but not yet complete. Monitronics has provided First Mercury with a copy of the plaintiffs' expert report in the MDL. On the defense side, however, opinions have not yet been formulated and no reports have been

PLAINTIFF'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT                                                                 Page 5

produced. First Mercury continues to demand this non-existent information, insisting that its rights are prejudiced by Monitronics' failure to comply.

6.7     First Mercury's demands for information relating to experts, as well as other requests, also seek to invade the attorney-client and work-product privileges. First Mercury insists on receiving "*all information and documents* pertaining to experts (whether retained to testify or otherwise)," claiming that Monitronics' failure to produce privileged communications with independently-engaged lawyers and consultants – *who are not working on the TCPA Actions* – is "causing significant prejudice to First Mercury." First Mercury also wants "[a]ll analyses of expert reports," including "informal analysis and discussion of opposing expert reports and interaction with experts for Monitronics," claiming this privileged information "is owed as an obligation to [Monitronics'] insurer."

6.8     Other requests propounded by First Mercury are simply unreasonable. For example, the insurer has requested "agendas and summaries" of defense counsel's conference calls, reflecting "the nature of tasks completed / ongoing / projected or the timeframes for their performance." Further, First Mercury requests information regarding administrative proceedings against *other parties*. This type of information is not relevant, much less necessary, to First Mercury's evaluation of Monitronics' potential exposure in the TCPA Actions.

6.9     Faced with requests of this nature, Monitronics has properly limited the scope of its responses. An actual controversy exists between the parties because First Mercury continues to press for "full cooperation" with its unreasonable demands, arguing that Monitronics' non-compliance violates the Policies' requirements and has caused prejudice to First Mercury.

## VII. CAUSE OF ACTION FOR DECLARATORY RELIEF

7.1     Monitronics incorporates each and every allegation set forth above.

7.2    An actual, bona fide controversy exists between Monitronics and First Mercury, requiring a judicial declaration by this Court of the parties' rights and duties under the Policies. Namely, the parties disagree about whether Monitronics is required to provide information that has already been provided to First Mercury, information relating to litigation against Monitronics for which First Mercury is providing neither a defense nor indemnity, information relating to litigation to which Monitronics is not even a party, information that is publicly available, information that does not yet exist, privileged communications and work product relating to the TCPA Actions, privileged communications and work product of independently-engaged lawyers and consultants, and unreasonably detailed information and materials relating to the defense of the TCPA Actions.

7.3    Monitronics respectfully requests that the Court enter judgment against First Mercury regarding the rights and obligations of the parties under the Policies and protecting Monitronics as outlined below.

## VIII. JURY DEMAND

8.1    Monitronics demands a trial by jury.

## IX. RELIEF REQUESTED

9.1    Monitronics respectfully requests that the Court enter judgment against First Mercury as follows:

a.    declaring that the Policies do not obligate Monitronics to furnish documents and information related to litigation outside of the TCPA Actions and for which First Mercury is not providing coverage;

b.    declaring that the Policies do not require Monitronics to furnish First Mercury with privileged attorney-client communications or attorney work product in connection

with the defense of the TCPA Actions and protecting Monitronics from production of privileged information;

      c.    declaring that the Policies do not require Monitronics to furnish First Mercury with privileged attorney-client communications or attorney work product in connection with work performed by independently-engaged lawyers and consultants and protecting Monitronics from production of privileged information;

      d.    declaring that the Policies do not require Monitronics to furnish First Mercury with unreasonably detailed information pertaining to the defense of the TCPA Actions;

      e.    declaring that First Mercury has an obligation to pay Monitronics' defense counsel for work performed at First Mercury's request;

      f.    awarding Monitronics its attorneys' fees incurred herein plus interest on those fees at the highest rate allowed by law from the date of entry of judgment until paid in full;

      g.    awarding Monitronics all costs of the suit herein; and

      h.    awarding Monitronics all other and further relief as the Court may deem appropriate.

Dated: April 7, 2016            Respectfully submitted,

    By: /s/ *Amy Elizabeth Stewart*
    Amy Elizabeth Stewart
    State Bar No. 00784300
    amy@amystewartlaw.com
    Marisa L. Jeffrey
    State Bar No. 24075611
    marisa@amystewartlaw.com
    AMY STEWART PC
    5307 E. Mockingbird Lane, Suite 425
    Dallas, Texas 75206
    (214) 233-7076 – telephone
    (214) 975-2806 – facsimile

**ATTORNEYS FOR PLAINTIFFS**

4815-8112-6191, v. 1